**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 6, 2012

Lyle W. Cayce
Clerk

No. 12-60068
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER WAYNE GABLE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:11-CR-119-1

Before SMITH, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Christopher Wayne Gable appeals the 24-month within-guidelines revocation sentence imposed by the district court, arguing that the sentence was substantively unreasonable given the circumstances of his case and greater than necessary to satisfy the goals of 18 U.S.C. §§ 3553(a) and 3584(b). Because Gable did not object that the sentence was substantively unreasonable at the time it was imposed, review is limited to plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). Under this standard, Gable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

must show a clear or obvious forfeited error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  This court has discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of the proceedings.  *Id.*

Gable has not shown that the district court plainly erred in imposing the sentence given that he violated numerous supervised release terms and committed three bank robberies while on supervised release.  Because the 24-month revocation sentence was within the 18 to 24 month advisory guidelines range, the sentence is presumptively reasonable.  *See United States v. Lopez-Velasquez*, 526 F.3d 804, 808-09 (5th Cir. 2008).  The district court exercised its discretion to order that the revocation sentence be served consecutively to the sentence imposed for Gable's bank robbery convictions.  *See* § 3584; *United States v. Gonzalez*, 250 F.3d 923, 925-29 (5th Cir. 2001).  Gable's disagreement with the propriety of the sentence is insufficient to rebut the presumption of reasonableness.  *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).  Because Gable's sentence does not exceed the five-year statutory maximum, he has not shown that the district court committed plain error.  *See United States v. Whitelaw*, 580 F.3d 256, 265 (5th Cir. 2009).

AFFIRMED.